THE MERCER AND SOMERSET RAILWAY COMPANY *vs.* THE DELAWARE AND BOUND BROOK RAILROAD COMPANY.

1. Under the provisions of the "act to authorize the formation of railroad companies and regulate the same," prescribing the mode of proceeding for condemnation of lands; upon filing the report of the commissioners, and payment of the amount awarded to the party entitled thereto, or, on their refusal to accept it, upon payment thereof into the Circuit Court of the county where the lands lie, the company may enter at once into possession of the land condemned, and proceed with the construction of their road, at any time before an appeal is taken from the report.

2. The fact of the existence of an appeal, taken after the amount of the award has been paid into court, and the company has entered into possession of the condemned premises, does not deprive the company of the right to possession until after the trial of the appeal and payment or tender (and on refusal, payment into court,) of the amount of the verdict of the jury.

On order to show cause why injunction should not issue. On bill and answer, and affidavits.

*Mr. E. T. Green* and *Mr. B. Gummere*, for complainants.

*Mr. A. Browning*, for defendants.

THE CHANCELLOR.

The complainants pray an injunction to restrain The Delaware and Bound Brook Railroad Company, and Lewis H. Taylor, a director of that company, from taking or maintain-

ing possession of land of the complainants, in Mercer county, under a condemnation made at the instance, and for the benefit of the defendant company, who are a corporation under the "act to authorize the formation of railroad companies and regulate the same," (*Pamph. L.*, 1873, *p.* 88,) commonly called the general railroad law. The award of the commissioners was made on the 4th, and filed on the 5th of January, instant. The amount of it was, on the 5th, tendered to the treasurer of the complainants, who refused to accept it, and on the same day it was paid into the Circuit Court of Mercer county. The next day the complainants appealed. They insist that the fact of the existence of the appeal deprives The Delaware and Bound Brook Company of all right to present possession of the condemned premises, and that the latter will not be entitled to possession under the act until after the trial of the appeal shall have taken place, and they shall then have paid or tendered (and on refusal, paid into court) the amount of the verdict of the jury. For this construction, they rely on the following proviso, in the thirteenth section of the act: "Provided, that in no case whatever, shall said company, incorporated under this act, enter upon or take possession of any land of any person or persons, for the purpose of actually constructing said railroad, or of making any erections or improvements whatever, or otherwise appropriating said lands to the use of any company incorporated under this act, until they have paid to the party or parties entitled to receive the same, the amount assessed by the commissioners as the value of such land, or damages, in case the report of the commissioners is not appealed from; or, if the same is appealed from, then the amount which shall be found by the jury, by whom the issue shall be tried; but in case the party or parties entitled to receive the amount assessed by the commissioners, in case there shall be no appeal, and in case of appeal, the amount found by the jury, shall refuse, upon tender thereof being made, to receive the same, or shall be out of the state, or under any legal disability, then the payment of the amount

assessed, or found, as aforesaid, into the Circuit Court wherein the said lands lie, shall be deemed a valid and legal payment." The twelfth section of the act provides, that in case the company cannot agree with the owner or owners of any land or materials required for the use of the former for the construction of their road, for the use or purchase thereof, or in case, by reason of the legal incapacity or absence of such owner or owners, no agreement can be made, proceedings for condemnation may be taken; that the report of the commissioners, or any two of them, with the description of the land or materials, and the appointment of the commissioners, and their oaths or affirmations, shall be filed in the clerk's office of the county in which the land or materials are situated, there to remain of record; and that thereupon, and on payment or tender of payment of the amount awarded, as subsequently provided in the act, the company shall be empowered to enter upon and take possession of the lands and materials for the above mentioned purposes; and that the report, or a copy thereof, certified by the clerk of the county, and proof of payment, or tender of the amount awarded, shall, at all times, be considered as plenary evidence of the right of the company to have, hold, use, occupy, possess and enjoy the land or materials, and of the owner or owners, to receive the amount of the valuation, with interest and costs. The section gives to each party an appeal to the next Circuit Court of the county wherein the land or materials may be. The thirteenth section provides for the proceedings on the appeal and for the trial of the issue by a jury. It expressly provides that the application for a jury (by which is meant the appeal) shall not prevent the company from taking the land, on filing the report; and then follows the proviso above quoted, and the further proviso that the party or parties entitled to receive the amount assessed by the commisssioners, may, upon tender thereof being made, receive the same without being barred thereby from his or their appeal from the report of the commissioners; and on such tender, or payment of the money into court in case it be refused, the

company shall be empowered to enter upon and take possession of the lands, and proceed with the construction of their road.

As before stated, the amount awarded by the commissioners was tendered by the Delaware and Boundbrook Company to the treasurer of the complainants, on the day on which the report was filed ; and then, it having been refused, they paid it into the Circuit Court on the same day, and on that day took possession of the premises. The appeal was not taken until the next day. On the tender and refusal, and payment of the money into court, the Delaware and Boundbrook Company, (the report, appointment, and oaths having been filed,) were, under the act, entitled to take possession of the premises. There was then no appeal. That the legislature intended that the company should have the right to take possession, on payment of the amount assessed by the commissioners, if accepted ; or, if not accepted, on payment of it into court, is manifest from the provision in the twelfth section, that the company, on payment or tender of payment, of the amount awarded by the commissioners, shall be empowered to enter upon and take possession of the premises, and the provision in the thirteenth section, that the application for a jury (the fact that an appeal has been taken) shall not prevent them from taking the land on filing the report ; and from the declaration in the concluding proviso of the last mentioned section, that, on tender, or payment of the amount assessed by the commissioners into court, in case it be refused, the company shall be empowered to enter upon and take possession of the land, and proceed with the construction of their road. The legislature did not intend that, in case tender of the amount assessed by the commissioners was made before an appeal, and the company duly entered into possession, they were to be liable to be ousted, by reason of an appeal subsequently taken. The owner may, under the last proviso of the thirteenth section, take the amount assessed, and then appeal. By the proviso relied upon by the complainants, the legislature intended to require payment of the amount which,

at the time of tender, shall have been fixed, either by the award of the commissioners, or by the verdict of the jury, as the amount which the owner is entitled to receive.

At the filing of the bill, the defendant company were in possession of the premises, and had laid down their track upon them, and they are using it in the construction of their road.

If there were doubt as to the construction to be put upon the proviso in question, the existence of such doubt would not be enough to induce this court to interfere with the defendants in their possession, but the complainants would be left to their remedy at law. *Erie R. Co.* v. *Del. Lack. & West. R. R. Co.*, 6 *C. E. Green* 283; *Pickert* v. *Ridgefield Park R. R. Co.*, 10 *C. E. Green* 316.

The order to show cause will be discharged, and the bill which is for injunction only, will be dismissed, with costs.